IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FELIX IBARRA, : | |
| : | Case No. 4:06-CV-195 |
| Plaintiff, : | |
| : | |
| v. : | |
| : | (Judge McClure) |
| W.Q.S.U. RADIO : | |
| BROADCAST ORG., DEAN, of : | |
| Susquehanna University, : | |
| SUSQUEHANNA UNIVERSITY, : | |
| DIRECTOR OF STUDENT : | |
| ACTIVITIES, of Susquehanna : | |
| University, PROFESSOR OF : | |
| STUDENT COMMUNICATION : | |
| SKILLS, of Susquehanna : | |
| University, D.J. HOST a.k.a. : | |
| BASHA-SHO & PROVE, D.J. : | |
| CO-HOST SHANELL BRYAN : | |
| a.k.a. #1 JAMAICAN, and : | |
| ASSOCIATE DEAN OF : | |
| STUDENTS, of Susquehanna : | |
| University, : | |
| : | |
| Defendants. : | |

**O R D E R**

March 8, 2006

**BACKGROUND:**

Plaintiff commenced this action by filing a document construed as a

complaint by the clerk's office with the Middle District of Pennsylvania on January

1

31, 2006. On March 1, 2006, we granted plaintiff thirty days to file a current application to proceed <u>in forma pauperis</u> and an authorization form or pay the filing fee of $250.00 or the case would be dismissed. On March 3, 2006, Ibarra complied with our order and filed a current motion for leave to proceed <u>in forma pauperis</u> and a prisoner authorization form; both documents indicated the filing fee was $250.00. Contemporaneous with the filing of the correct <u>in forma pauperis</u> application and authorization forms, Ibarra filed an amended complaint with exhibits. The clerk of the court construed the amended complaint as a motion to amend the complaint.

For the following reasons we will grant Ibarra's request to proceed <u>in forma pauperis</u>, grant the motion to amend the complaint, and <u>sua sponte</u> dismiss the federal law claims in the amended complaint for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). We will decline to exercise our supplemental jurisdiction over the remaining state-law claims pursuant to 28 U.S.C. § 1367(c)(3).

**DISCUSSION:**

Ibarra's motion for leave to proceed <u>in forma pauperis</u> is granted. We will also grant Ibarra's motion to amend his complaint with the proposed complaint at record document number 9, and therefore, the caption of the case now indicates the

other named defendants.

## I.  Relevant Facts Alleged in Ibarra's Complaint

Plaintiff's complaint and amended complaint stem from a radio contest which occurred on W.Q.S.U., Susquehanna University's college radio station.  In April 2005, plaintiff won an art contest conducted by disc jockeys on the station and he now seeks recovery of his prize.  Apparently part of the prize, or at least one of the options, was a group photograph which would include ten of the girls from one of the disc jockey's dorms.  Nearly a year later, Ibarra has still not received his prize.

## II.  Ibarra Fails to State A Claim On Which Relief Can Be Granted

Ibarra's amended complaint cites to a litany of wide ranging legal theories in support of his action against the defendants including but not limited to the federal crime of bribing public officials, 18 U.S.C. § 201, section 2-201 of the Uniform Commercial Code, section 12A of the Restatement (Second) of Torts, a provision in the California Penal Code, antitrust law including the Clayton Act, the "Printers Ink Statutes",[1] 42 U.S.C. § 1983, the First, Fifth, Seventh, Eleventh, and Fifteenth Amendments of the United States Constitution, Article III of the Constitution,

---

[1] "Printer's ink" statutes are laws that make false advertising a crime.  See United States v. Hunter, 459 F.2d 205, 213 (4th Cir. 1972).

generally the "F.C.C. regulatory provisions of the Communications Satelite (sic.) Act of 1962 and the Communications Act of 1934," as well as a variety of common law torts and breach of contract claims.

We have subject matter jurisdiction over all civil actions that arise either (1) under the Constitution, laws or treaties of the United States (federal question jurisdiction), or (2) between citizens of different states where the matter in controversy exceeds $75,000.00 (diversity jurisdiction). 28 U.S.C. §§ 1331, 1332.

Turning first to the issue of diversity jurisdiction. There is no allegation of diversity in the complaint and no allegation as to citizenship of the parties. Furthermore, plaintiff does not seek damages in excess of $75,000.00. Therefore, plaintiff's only ground for jurisdiction must come from a federal question.

Federal question jurisdiction is determined by the "well pleaded complaint rule." Shadie v. Aventis Pasteur, Inc., 254 F. Supp. 2d 509, 516 (M.D. Pa. 2003) (Vanaskie, C.J.) That rule provides that the face of plaintiff's complaint must make it apparent that plaintiff's cause of action was created by federal law. Id. (citations omitted). Plaintiff has pled federal claims in his complaint.

Because plaintiff is proceeding in forma pauperis, we may dismiss his complaint at any time under 28 U.S.C. § 1915(e)(2)(ii) if we find that his complaint fails to state a claim upon which relief can be granted. Now as for the

merit of plaintiff's federal claims, only two of his claims warrant a brief discussion: (1) Ibarra's claim under the civil rights statute, 42 U.S.C. § 1983; and (2) his reference to the Communication Acts.

A.  Plaintiff's Section 1983 Claim

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983.

In order for a plaintiff to prevail under 42 U.S.C. § 1983 he must establish two elements: 1) that the conduct complained of was committed by a person acting under color of state law; and 2) that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993).

As to the facts of this case, we take judicial notice that Susquehanna University is a private educational institution.  In taking that notice, the court is certain that under no possible set of facts alleged by Ibarra will he be able to establish that any of the defendants was acting under the color of state law.

Although the criteria to determine whether there is state action in a section 1983 claim "lack rigid simplicity," Benn v. Universal Health System, 371 F.3d 165, 171 (3d Cir. 2004) (quoting Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 296 (2001)), Ibarra cannot allege facts that make one of the private acting defendants a state actor.  Cf.  Brentwood Acad., 531 U.S. at 295 (noting various theories that allow for the finding of state action).

B.  Plaintiff's Assertion that Defendants Violated the Communication Acts

We do note the significance of Ibarra's allegations that he was wronged by acts conducted on a radio station, and that radio is a heavily federally regulated industry.  Although Ibarra has cited generally to the Communications Acts, this court is only aware of a regulatory provision that addresses radio contests and is not aware of a private cause of action, and for the reasons below we will not imply a private cause of action.  See F.C.C. Broadcast Radio Services, 47 C.F.R. § 73.1216 ("A licensee that broadcasts or advertises information about a contest it conducts shall fully and accurately disclose the material terms of the contest, and shall conduct the contests substantially as announced or advertised."); see, e.g., In re Isothermal Cmty. College, 2003 WL 22682096 (F.C.C.), 18 F.C.C.R. 23,932 (Nov. 14, 2003) (F.C.C. finding violation of licensee-conducted contest rule).  Therefore, any failure to comply with the federal communications laws on the part

of the defendants must be addressed by the F.C.C., the governing regulatory agency, and not the courts.

In <u>Cort v. Ash</u>, 422 U.S. 66, 78-79 (1975), the United States Supreme Court set forth a four-factor test to determine whether Congress intended an implicit private cause of action in a statute. First, a district court must determine whether the plaintiff is 'one of the class for whose especial benefit the statute was enacted.' <u>Id.</u> at 78 (citations omitted). Second, we must determine if there is legislative intent, either explicit or implicit, to create or deny a remedy. <u>Id.</u> Third, we must determine if it would be consistent with the overall regulatory scheme to imply a remedy for the plaintiff. <u>Id.</u> Finally, we must determine if the remedy sought is one traditionally relegated to state law, because if it is, then it would be inappropriate for us to infer a cause of action based on federal law. <u>Id.</u>

Other courts examining the 'public interest' standard in section 309(a) of the Communications Act of 1934, 47 U.S.C. § 151, et seq., (the Act which established the regulatory scheme of the F.C.C.), found that the standard does not create a private cause of action. <u>Stoutenborough v. Nat. Football League, Inc.</u>, 59 F.3d 580, 583 (6th Cir. 1995); <u>see also</u> <u>Schnapper v. Foley</u>, 667 F.2d 102, 116 & n.8 (D.C. Cir. 1981) (gathering numerous cases where courts refused to imply a private cause of action under the Communication Acts Public Interest Standard); <u>but see</u>

<u>Lorentz v. Westinghouse Elec. Corp.</u>, 472 F. Supp. 946, 950-51 (W.D. Pa. 1979) (finding an implied private cause of action in the FCC's Personal Attack Rule). The regulatory provision governing radio contests and cited above was created by the FCC, not Congress. We find that there is no implied private cause of action to sue for damages when a radio contest winner seeks to recover his prize under the Communications Act of 1934. The remedy Ibarra seeks is traditionally relegated to state law, either under a breach of contract theory for failure to award the prize, or in light of Ibarra's pleadings, possibly some theory in tort to recover for the harms the disc jockeys caused him emotionally. Ibarra has no private cause of action under the Communications Act of 1934.

  Therefore, we dismiss the federal law claims set forth in Ibarra's amended complaint because it is clear from the face of the amended complaint that he has failed to state a federal claim upon which relief can be granted and that any further amendment would be futile. See <u>Miklavic v. USAir</u>, 21 F.3d 551, 557-58 (3d Cir. 1994); 28 U.S.C. § 1915(e)(2)(B)(ii). Having found that Ibarra cannot state a claim for relief based on federal law we will decline to exercise our supplemental jurisdiction over any remaining state claims pursuant to 28 U.S.C. § 1367(c)(3).

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Ibarra's motion for leave to proceed in forma pauperis is granted. (Rec. Doc. No. 7.)

2. Ibarra's motion to amend his complaint is granted. (Rec. Doc. No. 9.)

3. The federal law claims in Ibarra's amended complaint are dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Rec. Doc. No. 9.) We decline to exercise our supplemental jurisdiction over any state-law claims pursuant to 28 U.S.C. § 1367(c)(3).

4. Record Document Number 13 construed by the clerk's office as a motion "for civil action claim - complaint" is denied as it is duplicative of Record Document Number 9 which we construed as Ibarra's amended complaint.

5. The clerk is directed to close the case file.

6. Any appeal from this order would not be taken in good faith.

                                           s/ James F. McClure, Jr.
                                           James F. McClure, Jr.
                                           United States District Judge